Matter of Goode v Sandoval (2020 NY Slip Op 06786)





Matter of Goode v Sandoval


2020 NY Slip Op 06786


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-10977
 (Docket No. V-10701-14/17C, V-10702-14/17C)

[*1]In the Matter of Kenneth Goode, appellant,
v
Jessica Sandoval, respondent; Kaila G. (Anonymous), et al., nonparty-respondents.


Marc A. Greenberg, Elmsford, NY, for appellant.
Daniel Lawrence Pagano, Yorktown Heights, NY, for respondent.
Darren DeUrso, White Plains, NY, attorney for the children, the nonparty-respondents, Kaila G. and Alanna G.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Rachel Hahn, J.), entered August 19, 2019. The order, upon remittal, granted the motion of the children to dismiss the petitions on the ground that New York is an inconvenient forum.
ORDERED that the order is affirmed, without costs or disbursements.
The underlying facts for these proceedings are summarized in our decision and order on the prior related appeal (see Matter of Goode v Sandoval, 171 AD3d 1059). On the prior appeal, this Court reversed the Family Court's initial order granting the motion of the children to dismiss the father's violation petitions against the mother on the ground that New York was an inconvenient forum, and remitted the matter to the Family Court for a new determination of the motion, identifying the factors listed in Domestic Relations Law § 76-f(2) considered in reaching its conclusion (see id.). Upon remittal, the Family Court, by order entered August 19, 2019, granted the motion of the children, delineating the factors it considered as set forth in Domestic Relations Law § 76-f(2). The father appeals.
"'The issue of inconvenient forum dismissal is addressed to Family Court's discretion after consideration of the statutory factors'" (Matter of Montanez v Tompkinson, 167 AD3d 616, 618, quoting Matter of Hissam v Mancini, 80 AD3d 802, 803), as set forth in Domestic Relations Law § 76-f(2). Here, we agree with the Family Court's determination, on remittal, declining jurisdiction on the ground that Connecticut is the more appropriate forum to address the issues raised in the father's violation petitions (see Matter of Peiyi Wang v Christensen, 165 AD3d 1269).
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court